UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CINDY L. NEBEL, *et al.*,

      Plaintiffs,

v.                                                     Case No. 18-cv-1613-pp

JO-ANN STORES, INC., *et al.*,

      Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO ENLARGE TIME (DKT. NO. 8) AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13)**

---

This order resolves (1) the defendants' motion to enlarge time to answer the plaintiff's complaint, dkt. no. 8; and (2) the plaintiff's motion for default judgment, dkt. no. 13. Because the court finds that the defendants' delay in filing their motion for enlargement of time did not significantly prejudice the plaintiff, the court will grant that motion. Because the court is allowing the defendants to answer the plaintiff's complaint, and because the plaintiff did not follow the two-step process for obtaining a default judgment, the court will deny the plaintiff's motion for default judgment.

**I.    BACKGROUND**

    A.    <u>Defendants' Motion For Enlargement of Time (Dkt. No. 8)</u>

On August 30, 2018, the plaintiff filed a complaint in Milwaukee County Circuit Court, alleging one count of negligence and one count of violating Wisconsin's safe place statute. Dkt. No. 1-1 at 7-8. The complaint named four

1

defendants—Jo-Ann Stores, Inc.; Jo-Ann Stores, LLC; ABC Corporation; and XYZ Insurance Company—and named three insurance companies as involuntary plaintiffs. Id. at 1. The circuit court record reflects that the plaintiff served the Jo-Ann Stores defendants on September 13, 2018. Id. at 12. On October 10, 2018, two of the three involuntary plaintiffs—Blue Cross Blue Shield of Wisconsin and Humana Insurance Company—filed claims against the defendants and cross claims against the plaintiff. Dkt. No. 1-1 at 28-31. Two days later, instead of filing an answer in state court, the Jo-Ann Stores defendants filed a notice of removal on October 12, 2018, citing 28 U.S.C. §§1332, 1441 and 1446 as bases for removing the case to this court. Dkt. No. 1.

Under Federal Rule of Civil Procedure 81(c)(2)(C), the defendants had seven days from the date they filed the notice of removal—until October 19, 2018—to answer or otherwise respond to the plaintiff's original complaint. Under Rule. 12, the defendants had twenty-one days from the service of the involuntary plaintiffs' claims—until November 1, 2018—to file their answer or other responsive pleading to those claims.

The defendants did not file anything until November 1, 2018. On that date, they filed (1) their answer to Blue Cross Blue Shield's crossclaim, dkt. no. 6; (2) their answer to Humana Insurance Company's crossclaim, dkt. no. 7; and (3) a motion to enlarge time to answer the plaintiff's complaint, dkt. no. 8. They also submitted a brief supporting their motion to enlarge time, along with their proposed answer to the plaintiff's complaint. Dkt. Nos. 9, 9-1. The motion

to enlarge time explained that when the defendants' attorney calendared her deadlines, she mistakenly wrote that the defendants' answer to the plaintiff's complaint was due on the same date as the defendants' answers to the involuntary plaintiffs' claims. Dkt. No. 9 at 3. The defendants asked the court to find that their twelve-day delay in answering the plaintiff's complaint constituted excusable neglect. Id.

On November 9, 2018, the plaintiff filed a response to the motion for enlargement of time, arguing that any possible construction of the defendants' explanation could not be considered a legally sufficient basis for the defendants' failure to timely respond to the plaintiff's complaint. Dkt. No. 12 at 4. The plaintiff argued that a "'simple case of miscalculation'" is "'not a sufficient reason to extend time.'" Dkt. No. 12 at 4 (quoting Lewis v. Sch. Dist. #70, 523 F.3d 730, 740 (7th Cir. 2008); Marquez v. Mineta, 442 F.3d 539, 541 (7th Cir. 2005)). The plaintiff also contended that the defendants could not argue that their delay resulted from a "plausible interpretation of ambiguous rules," because the deadlines in Rule 81(c) are not ambiguous. Id. Finally, the plaintiff contended that because the defendants chose to remove the lawsuit to federal court, the court should not excuse them from complying with the federal rules.

 B. Defendants' Motion For Default Judgment (Dkt. No. 13)

On the same day that the plaintiff filed her response to the defendants' motion for an extension of time, she filed a motion for default judgment. Dkt. No. 13. The brief supporting the plaintiff's motion reiterates that Rule 81(c)(2)

3

required the defendants to file their answer by October 19, 2018 and they did not do so until November 1, 2018. Dkt. No. 14. The plaintiff asks the court "for a default judgment with respect to liability and to set the matter for a jury trial with respect to establishment of damages." Id. at 2 (citing Fed. R. Civ. P. 55(b)(2)(B)).

## II. DISCUSSION

### A. Defendants' Motion For Enlargement of Time

Rule 6(b) allows the court to extend time for acts that "may or must be done within a specified time." Fed. R. Civ. P. 6(b). When a party asks for an extension of time *after* the time period has expired, the rule allows an extension "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The burden of showing excusable neglect falls on the party seeking the extension, but

> [t]he district court's decision whether to allow a late filing is 'at bottom an equitable one, taking into account of all relevant circumstances . . . includ[ing] . . . the danger of prejudice . . . the length of the delay . . . the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'

Simstad v. Scheub, 816 F.3d 893, 899 (7th Cir. 2016) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)). And while "'a simple case of miscalculation' of a deadline generally is 'not a sufficient reason to extend time,'" Lewis, (quoting Marquez, 424 F.3d at 541), "[i]n at least one case, the Seventh Circuit has found an attorney error to constitute excusable neglect where the attorney acted in good faith and the error did not prejudice the opposing party." Moorer v. Always Towing and Recovery Inc., Case No. 16-cv-

4

1504-pp, 2018 WL 4233005, at *2 (E.D. Wis. Sept. 5, 2018) (citing Crue v. Aiken, 370 F.3d 668, 680-81 (7th Cir. 2004)).

The plaintiff has not argued that she suffered any prejudice as the result of the defendants' delay. This case is in its very early stages; the court has yet to issue a scheduling order or set a scheduling conference. At the time of the defendants' missed deadline—October 19, 2018—the defendants still had twelve days to respond to the claims of the involuntary plaintiffs. The court does not see how the defendants' timely response would have altered the progression of the case, given that time remained for the defendants' initial pleadings. The court does not even calendar Rule 16 scheduling conferences until it has received responsive pleadings from all parties as to all claims. Had the defendants' delay prejudiced the plaintiff, the court would have expected her to file a motion for default in the days following the October 19, 2018 deadline.

The defendants' delay resulted from having multiple deadlines to respond to the plaintiff's and the involuntary plaintiffs' claims. The defendants moved quickly to remedy their error once they realized it and filed the motion for extension of time together with a proposed answer to the plaintiff's complaint on November 1, 2018—the day they believed the answer to be due. The court cannot ascribe any bad faith to the defendants, given that it was *the defendants* who came forward to notify the court that they had erred. Considering the absence of prejudice along with the defendants' good faith in bringing their mistake to the court's attention, the court finds that the equities

support granting the defendants' motion for an extension of time and proceeding to resolve this case on its merits.

## II. Plaintiff's Motion for Default Judgment

Because the court now has granted the defendants' motion for an extension of time to answer the complaint, and will accept the proposed answer found at docket number 9-1, the plaintiff's motion for default judgment is procedurally improper and the court will deny it. Even had the court denied the motion for extension of time, the plaintiff's motion would be procedurally improper. "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." VLM Food Trading Intern., Inc. v. Ill. Trading Co., 811 F.3d 247, 255 (7th Cir. 2016). The plaintiff did not ask the clerk for an entry of default under Rule 55(a). She skipped that step, and went right to asking the court for an entry of default judgment under Rule 55(b). As another district court in this circuit has said:

> Federal Rule of Civil Procedure 55 requires a two-step process before the entry of a default judgment. A party must first seek an entry of default based on the opposing party's failure to plead, under Rule 55(a). [The plaintiff] never asked for entry of default. Only after the entry of default may a party move for a default judgment, under Rule 55(b). The two-step process matters.

Day v. Floyd Mem'l Hosp., Case No. 4:15-cv-31-DML-TWP, 2015 WL 13188305, at *1 (S.D. Ind. Oct. 2, 2015).

### III. CONCLUSION

The court **GRANTS** defendants Jo-Ann Stores, Inc. and Jo-Ann Store's, LLC's motion for an enlargement of time to answer. Dkt. No. 8.

The court **ORDERS** that the clerk's office shall docket the defendants' proposed answer, dkt. no. 9-1, as a separate docket entry.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**